## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ROBERT L. BORNER, III,**

      **Petitioner,**

**vs.**                                                     **Case No. 4:09cv59-SPM/WCS**

**WARDEN ELCHENLAUB,**

      **Respondent.**

_____/


### REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Still pending is Petitioner's petition for writ of habeas corpus filed pursuant to 28

U.S.C. § 2241. Petitioner, serving a sentence imposed in the District of South Carolina,

sought seven months credit against his sentence upon completion of the Residential

Drug Assistance Program (RDAP).  Doc. 8 (amended petition).  I entered an order

noting Petitioner had been released and the case was likely moot.  Doc. 31.

Petitioner responded that he was still serving a term of supervised release and, if

entitled to relief, the seven months could be credited to his term of supervised release.

Doc. 32.  The Government responds that this court lacks authority to reduce Petitioner's

term of supervised release.  Doc. 34, *citing* United States v. Johnson, 529 U.S. 53, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000).

In Johnson, the prisoner filed a 28 U.S.C. § 2255 motion, convictions on two counts were vacated, and his sentence modified to 51 months.  *Id.*, at 55, 120 S.Ct. at 1116.  The court ordered his release but he had already served more than 51 months. *Id.* He then asked the sentencing court to reduce his supervised release term by the amount of time he had served beyond the modified sentence.  *Id.*  He was not entitled to reduction of the term, however, because supervised release commences upon release, and he could not be released while still imprisoned.  *Id.*, at 57, 120 S.Ct. at 1117.  The Court relied on the language of 18 U.S.C. § 3624(e), and found further support in the language of 18 U.S.C. § 3583(a) (authorizing imposition of "a term of supervised release after imprisonment")[1] and with the objectives of supervised release.  *Id.*, at 57-60, 120 S.Ct. at 1117-19.  "The statute, by its own necessary operation, does not reduce the length of a supervised release term by reason of excess time served in prison."  *Id.*, at 60, 120 S.Ct. at 1119.

Even if Petitioner could demonstrate he should have been released seven months earlier, he was released and there is no other relief this court could grant to him.

---

[1] It was noted that there were "equitable considerations of great weight" under the circumstances, and the trial court could modify the conditions of supervised release, or terminate supervision after the expiration of one year.  *Id.*, at 60, 120 S.Ct. at 1119, citing § 3583(e)(2) and (e)(1), respectively.  This is not the trial court, so a modification or termination could not be granted here.

It is therefore respectfully **RECOMMENDED** that this case be **DISMISSED AS**

**MOOT**.

    **IN CHAMBERS** at Tallahassee, Florida, on August 1, 2011.


          S/       William C. Sherrill, Jr.         
         **WILLIAM C. SHERRILL, JR.**
         **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

    **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**